UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLOW RUN FOODS INCORPORATED,

                        Plaintiff,

      v.                                                                3:06-cv-0425

NEW WORLD RESTAURANT GROUP,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Willow Run Foods, Inc. commenced the instant action against Defendant New World Restaurant Group asserting, *inter alia*, claims of breach of contract, unjust enrichment, and negligence arising out of Defendant's alleged failure to pay Plaintiff for certain products. Presently before the Court is Defendant's motion to dismiss the claims of unjust enrichment and negligence pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

I.      **FACTS**

According to the Complaint, on July 12, 2002, Plaintiff Willow Run Foods Incorporated ("Willow Run") entered into a contract with Defendant New World Restaurant Group ("New World"), entitled "Distribution Agreement." Pursuant to the Distribution Agreement, Defendant designated Plaintiff as its exclusive distributor for certain products and as an approved distributor for certain other products. Under the Distribution Agreement, Plaintiff was to supply, and Defendant was to pay for, the products.

Beginning on or about January 24, 2006 and continuing through February 13, 2006, Plaintiff supplied certain goods and products to Defendant. Defendant accepted the goods and products, but did not pay for them. Defendant has continued to refuse to pay for the goods notwithstanding Plaintiff's demand for payment.

As indicated above, Plaintiff commenced the instant action asserting claims for, *inter alia*, breach of contract, unjust enrichment, and negligence. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint should not be dismissed unless it appears that no construction of the facts would permit the plaintiff to prevail. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986).

## III.  DISCUSSION

### a.  Unjust Enrichment

Defendant moves to dismiss the unjust enrichment claim on the ground that, under New York law, Plaintiff must pursue its rights under the terms of the contract. Plaintiff responds that it is entitled to assert alternate theories of recovery until such time as it is determined whether there is an enforceable contract between the parties.

Defendant correctly notes that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R.

Co., 70 N.Y.2d 382, 516 N.E.2d 190 (1987).  Although the Complaint alleges the existence of a valid and enforceable contract, at this stage of the litigation it is unknown whether there is, in fact, a valid and enforceable written contract governing the parties' transactions.  Defendant has not submitted an Answer admitting to the existence of a valid and enforceable contract.  Accordingly, it would be premature to dismiss Plaintiff's claim for unjust enrichment.  See Old Salem Development Group, Ltd. v. Town of Fishkill, 301 A.D.2d 639, 754 N.Y.S.2d 333 (2d Cir. 2003); Curtis Props. Corp. v Greif Cos., 236 A.D.2d 237 (1st Dep't 1997); see also Clarke v. Max Advisors, LLC, 235 F. Supp.2d 130, 149 (N.D.N.Y. 2002) (Peebles, M.J.).

    **b.**    **Negligence**

Defendant next seeks to dismiss Plaintiff's Fifth Cause of Action sounding in negligence on the ground that an allegation of breach of contract does not give rise to a tort claim in the absence of special allegations of wrongdoing in violation of some independent legal duty owed to a plaintiff by a defendant.  Plaintiff responds that it "surmises the likelihood that further inquiry through the discovery process may lead to information of extraneous circumstances connected to the contractual relationship is an issue to which Plaintiff does not want to be foreclosed from at this early stage of the action."  Pl. Mem. of Law at 6-7.

Defendant correctly states the law that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."  Clark-Fitzpatrick, Inc., 70 N.Y.2d at 389.  Plaintiff's Fifth Cause of Action asserts, in its entirety, as follows:

> 39. Plaintiff repeats each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.
>
> 40. The defendant has negligently failed to make payments owed to the plaintiff.

> 41. As a result of the foregoing, plaintiff has been damaged in the amount of $180,548,93, with interest in the amount of 18%, pursuant to the Distribution Agreement.

These allegations fail to state a claim of negligence. Looking to Plaintiff's own words, it is complaining of a failure to make payments owed under the Distribution Agreement. In fact, Plaintiff even cites to the 18% interest rate agreed to in the Distribution Agreement. See Compl. at ¶¶ 18, 41. Plaintiff alleges no facts suggesting an independent duty owed to it by Defendant or any other circumstances giving rise to a tort claim. To the contrary, Plaintiff's allegations make it clear that the duty to pay arose out of the Distribution Agreement. Plaintiff is simply attempting to dress up a contract claim in negligence clothing. Accordingly, the Fifth Cause of Action must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED IN PART. Plaintiff's Fifth Cause of Action is DISMISSED. In all other regards, Defendant's motion is DENIED. IT IS SO ORDERED.

Dated: May 4, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge